UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD OLDFIELD, | : | CIVIL ACTION NO. 08-1132 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| ARTHUR AUGUSTENSEN, et al. | : | |
| | : | |
| Defendants. | : | |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed (1) under the doctrines of res judicata or collateral estoppel, (2) in light of an action already brought in the United States District Court for the Southern District of Florida ("Florida Court"), or (3) for failure to comply with Local Civil Rule 11.2 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the Court, <u>sua sponte</u>, examining this action to recover damages for personal injuries sustained on a boat ride occurring on March 6, 2005 ("New Jersey Action") (dkt. entry no. 1, Compl.), <u>see</u> 28 U.S.C. § 1333; and the plaintiff bringing the New Jersey Action against the defendants (1) Arthur Augustensen, (2) Sean Weaver, (3) Pueblo de Bahia Lora, S.A., d/b/a Parrot Bay Village ("PBL"), and (4) Puerto Jimenez Charter Boats, S.A. ("PJC"); and

**IT APPEARING** that (1) Augustensen, Weaver, and PJC are in privity with PBL, (2) the plaintiff has already litigated these claims in an action brought against PBL in the Florida Court

("Florida Action"), (3) the Florida Court entered a judgment by default against PBL ("Florida Judgment"), and (4) PBL's motion to vacate that judgment has been denied, see Oldfield v. Pueblo de Bahia Lora, S.A., S.D. Fla. No. 05-22594, Docket; and it appearing that an appeal by PBL from the order denying the motion to vacate the Florida Judgment is pending in the Eleventh Circuit Court of Appeals ("Florida Appeal"), see id.; and the plaintiff failing to advise the Court that the Florida Action existed; and the Court being concerned that the plaintiff, inter alia, sought to circumvent the Florida Action and Local Civil Rule 11.2 (OTSC, at 2-3); and

THE PLAINTIFF, in response to the Order to Show Cause, explaining that (1) the Florida Action defendants moved to vacate the Florida Judgment on the ground that the Florida Court lacks personal jurisdiction, (2) the issue of personal jurisdiction is the subject of the Florida Appeal, and (3) as "the three year general maritime law tort statute of limitations (46 U.S.C. § 30106) was set to expire on March 6, 2008, the Plaintiff filed the [New Jersey Action] as a protective measure, pending resolution of the [Florida Appeal]" (dkt. entry no. 4, Pl. Resp., at 2-3); and the plaintiff's counsel further asserting that he "received this matter from Plaintiff's Florida Attorney on March 4, 2008", and "[i]n the . . . haste to file this action in a timely fashion, [he] accidentally forgot to comply with . . .

2

Local Civil Rule 11.2" (id. at 2); and the plaintiff further asserting that he "is agreeable to having this Court stay this action pending the decision [in] the [Florida Appeal]" (id. at 3); and

**IT APPEARING** that "[t]here is nothing necessarily inappropriate . . . about filing a protective action", Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005) (citing with approval Government of Virgin Islands v. Neadle, 861 F.Supp. 1054, 1055 (M.D.Fla.1994), which stayed action brought by plaintiffs "to protect themselves" if personal jurisdiction over defendants failed in other federal district court); and the Court intending to (1) vacate the order to show cause, and (2) stay and administratively terminate the New Jersey Action, with leave to seek ancillary relief or reopen when appropriate;[1] and for good cause appearing, the Court will issue an appropriate order and judgment.

                              s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge

**Dated:** April 7, 2008

---

[1]  The administrative termination of an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits").